Jon B. Eisenberg, Esquire [S.B. 88278]
Law Office of Jon B. Eisenberg
509 Tucker Street
Healdsburg, CA 95448-4428
Telephone: (707) 395-0111
Email:  jon@eisenbergappeals.com

Alan R. Kabat (*pro hac vice*)
Bernabei & Kabat, PLLC
1400 - 16th Street, N.W., Suite 500
Washington, D.C.  20036-2223
tel. (202) 745-1942 (ext. 242)
fax (202) 745-2627
email:  Kabat@BernabeiPLLC.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY G. PHILPOT,<br><br>Plaintiff,<br><br>        vs.<br><br>ALTERNET MEDIA, INC.,<br><br>Defendant. | No. 3:18-cv-04479-TSH<br><br>**DEFENDANT'S REPLY BRIEF<br>IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:          November 1, 2018<br>Time:          10:00 a.m.<br>Courtroom:  A, 15th Floor<br>Judge:        Hon. Thomas S. Hixson |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Table of Contents**

I.    Supplemental Statement of Facts and Procedural Background    .    .    1

II.   Alternet's Fair Use Defense Is Ripe for Adjudication Because Dismissal Is
      Justified as a Matter of Law from the Face of the Complaint    .    .    1

III.  The Four Factors of the Fair Use Defense Mandate Dismissal of Plaintiff's
      Complaint as a Matter of Law    .    .    .    .    .    .    4

IV.   Plaintiff's DMCA Claim Is Improperly Pled and Should Therefore be Dismissed
      as a Matter of Law    .    .    .    .    .    .    8

V.    This Court May Take Judicial Notice as to Court Records from Mr. Philpot's
      Other Proceedings, Including His Sworn Deposition Testimony    .    .    8

VI.   Plaintiff's Complaint Is Fatally Flawed and Cannot be Cured Through
      Amendment    .    .    .    .    .    .    .    .    10

VII.  Conclusion    .    .    .    .    .    .    .    .    11

i

**Table of Authorities**

**Cases**

*AMCAL Multi-Housing, Inc. v. Pacific Clay Products*,
    457 F. Supp. 2d 1016 (C.D. Cal. 2006)    .    .    .    .    .    2-3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)    .    .    .    .    .    .    .    .    1, 8

*Biggs v. Terhune*,
    334 F.3d 910 (9th Cir. 2003)  .    .    .    .    .    .    .    9

\* *Campbell v. Acuff-Rose Music, Inc.*,
    510 U.S. 569 (1994)    .    .    .    .    .    .    .    5, 7

*Carvalho v. Equifax Info. Servs. LLC*,
    629 F.3d 876 (9th Cir. 2010)  .    .    .    .    .    .    11

*Cobbler Nevada, LLC v. Gonzalez*,
    901 F.3d 1142 (9th Cir. 2018)    .    .    .    .    .    8

*Dr. Seuss Enterprises, L.P. v. ComicMix LLC*,
    256 F. Supp. 3d 1099 (S.D. Cal. 2017)    .    .    .    2

*Fisher v. Dees*,
    794 F.2d 432 (9th Cir. 1986)  .    .    .    .    .    .    2

*Harper & Row Publishers, Inc. v. Nation Enters.*,
    471 U.S. 539 (1985)    .    .    .    .    .    .    .    2

*Jones v. Bock*,
    549 U.S. 199 (2007)    .    .    .    .    .    .    .    1

*Kelly v. Arriba Soft Corp.*,
    336 F.3d 811 (9th Cir. 2003)  .    .    .    .    .    .    6-7

*Kentucky Central Life Ins. Co. v. LeDuc*,
    814 F. Supp. 832 (N.D. Cal. 1992)    .    .    .    .    2

*Mattel, Inc. v. Walking Mountain Prods.*,
    353 F.3d 792 (9th Cir. 2003)  .    .    .    .    .    .    7

*Monge v. Maya Magazines, Inc.*,
    688 F.3d 1164 (9th Cir. 2013)    .    .    .    .    .    5

*Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*,
    828 F.2d 1385 (9th Cir. 1987)    .    .    .    .    .    9

*Núñez v. Caribbean Int'l News Corp.*,
    235 F.3d 18 (1st Cir. 2000)  .    .    .    .    .    .    6

\* *Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007)    .    .    .    .    .    6

ii

\* *Philpot v. Media Research Center, Inc.*,
    279 F. Supp. 3d 708 (E.D. Va. 2018)    .    .    .    .    .     4, 9

*Saul v. United States*,
    928 F.2d 829 (9th Cir. 1991) .    .    .    .    .    .     11

*Seltzer v. Green Day, Inc.*,
    725 F.3d 1170 (9th Cir. 2013)    .    .    .    .    .     5-6

*SOFA Entertainment, Inc. v. Dodger Productions, Inc.*,
    709 F.3d 1273 (9th Cir. 2013)    .    .    .    .    .     6

*Spinelli v. National Football League*,
    903 F.3d 185 (2d Cir. 2018) .    .    .    .    .    .     8

\* *Stevens v. Corelogic, Inc.*,
    899 F.3d 666 (9th Cir. 2018) .    .    .    .    .    .     8

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*,
    971 F.2d 244 (9th Cir. 1992) .    .    .    .    .    .     9

*United States v. Southern Cal. Edison Co.*,
    300 F. Supp. 2d 964 (E.D. Cal. 2004)    .    .    .    .     9

*Weisbuch v. County of Los Angeles*,
    119 F.3d 778 (9th Cir. 1997) .    .    .    .    .    .     2, 4

*Yeager v. Cingular Wireless LLC*,
    627 F. Supp. 2d 1170 (E.D. Cal. 2008)    .    .    .    .     2

**Constitution, Statutes, and Rules**

17 U.S.C. § 107      .    .    .    .    .    .    .    .     4-7

Digital Millennium Copyright Act, 17 U.S.C. §§ 1202 and 1203    .    .    .     8

Rule 12(b)(6), Fed. R. Civ. P.      .    .    .    .    .    .     *passim*

Rule 15(a)(2), Fed. R. Civ. P.      .    .    .    .    .    .     10

Rule 201, Fed. R. Evid.      .    .    .    .    .    .    .     9

**Secondary Sources**

H. Rep. 94-1476 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 5659    .    .     4

5B Wright & Miller, *Federal Practice & Procedure: Civil 3d*, § 1357, at 713 (2004)     3

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS: 3:18-cv-04479-TSH

## I.  Supplemental Statement of Facts and Procedural Background.

In Alternet's Motion to Dismiss, Alternet noted that the plaintiff, Larry Philpot, had filed 73 copyright infringement lawsuits in 20 judicial districts over the previous four years (August 1, 2014 to September 14, 2018).  *See* Mot. to Dismiss, at 2-3 (ECF 19); Declaration, at ¶¶ 1-78 (ECF 20).  Subsequently, from September 21, 2018 through October 16, 2018, Mr. Philpot filed twelve copyright infringement lawsuits in eight judicial districts, resulting in a total of 85 lawsuits in just over four years.  *See* Declaration of Alan R. Kabat, at ¶¶ 1-13 (Oct. 17, 2018).

## II.  Alternet's Fair Use Defense Is Ripe for Adjudication Because Dismissal Is Justified as a Matter of Law from the Face of the Complaint.

This Court is empowered to weigh Alternet's fair use defense at the present stage of the litigation because there are no factual disputes underlying that defense.  As discussed herein, the U.S. Supreme Court, the Ninth Circuit, and the district courts in this jurisdiction have consistently recognized that an affirmative defense can be considered at the motion to dismiss stage where, as here, it is obvious from the face of the complaint and the exhibits thereto.  For instance, the Supreme Court, in its unanimous *Jones v. Bock* decision, recognized that affirmative defenses (there, statute of limitations)[1] could be the basis for a motion to dismiss for failure to state a claim, even if it was an affirmative defense:  "Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract."  *Jones v. Bock*, 549 U.S. 199, 215 (2007) (collecting cases).

Similarly, the Ninth Circuit has recognized that the complaint could end up pleading facts establishing the validity of an affirmative defense (there, the First Amendment *Pickering* balancing test), thereby defeating the complaint:

---

[1] Notably,  here, as in *Jones v. Bock*, Mr. Philpot's Complaint attempts to avoid the three-year statute of limitations applicable each of the two causes of action.  *See* Comp. at ¶ 13 & Ex. E (ECF 1-5) (conceding that the alleged date of publication was, purportedly, June 13, 2015).  The Complaint tersely states in conclusory fashion that Mr. Philpot "discovered the infringement within three years prior to the filing of this Complaint"  *Id.* at ¶ 13.  However,  while a court must accept as true all of the allegations contained in a complaint in weighing a motion to dismiss, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

1

2

3

4

5

> Whether the case can be dismissed on the pleadings depends on what the pleadings say.  "[A] plaintiff may plead herself out of court."  *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995).  **If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensively obtained evidence on summary judgment establishes the identical facts**.  In this case, Dr. Weisbuch pleaded facts which establish that he cannot prevail on his First Amendment claim.

6

*Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (emphasis added).

7

8       The Ninth Circuit similarly stated that the fair use defense could be applied when there

9  was no dispute as to the material facts: "No material historical facts are at issue in this case. The

10 parties dispute only the ultimate conclusions to be drawn from the admitted facts. Because, under

11 *Harper & Row*, these judgments are legal in nature, we can make them without usurping the

12 function of the jury." *Fisher v. Dees*, 794 F.2d 432, 436 (9th Cir. 1986) (citing *Harper & Row*

13 *Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 560 (1985)).  Likewise, Judge Sammartino of

14 the Southern District recently held in a copyright infringement dispute "that fair use analysis is

15 appropriate on this Motion to Dismiss," since the allegations in the complaint and the documents

16 subject to judicial notice were sufficient to evaluate the fair use defense. *Dr. Seuss Enterprises,*

17 *L.P. v. ComicMix LLC*, 256 F. Supp. 3d 1099, 1105 (S.D. Cal. 2017).

       The district courts in this jurisdiction have similarly applied this principle at the motion to

18 dismiss stage.  Judge Peckham noted that: "A complaint is subject to dismissal under Rule

19 12(b)(6) when its allegations indicate the existence of an affirmative defense, but the defense

20 must appear on the face of the pleading." *Kentucky Central Life Ins. Co. v. LeDuc*, 814 F. Supp.

21 832, 840 (N.D. Cal. 1992) (citing 5 Wright & Miller, *Federal Practice & Procedure*, § 1357).

22 Similarly, in *Yeager*, Judge Damrell of the Eastern District stated that "where the court can

23 discern from the face of the pleadings that an affirmative defense applies as a matter of law,

24 dismissal pursuant to Rule 12(b)(6) may be appropriate." *Yeager v. Cingular Wireless LLC*, 627

25 F. Supp. 2d 1170, 1177 (E.D. Cal. 2008) (citing *Weisbuch*).  Judge Larson of the Central District

26 similarly rejected the plaintiffs' assertion that "a motion to dismiss is unwarranted," because an

27 affirmative defense existed that justified the motion to dismiss:

28

2

1

2

3

> The problem with this analysis is that it flies directly in the face of well-established jurisprudence governing Rule 12(b)(6) motions.  If a legal impediment such as an affirmative defense or some other bar to recovery is apparent from the face of the complaint, then a motion to dismiss for failure to state a claim is mandated.  *See Jablon v. Dean Witter*, 614 F.2d 677, 682 (9th Cir. 1980).

4

*AMCAL Multi-Housing, Inc. v. Pacific Clay Products*, 457 F. Supp. 2d 1016, 1021 (C.D. Cal.

5

2006).  Commentators are in accord:

6

7

8

9

10

> In a situation involving the barring effect of an affirmative defense, the claim is stated adequately from that perspective, but in addition to the claim the contents of the complaint includes matters of avoidance that effectively vitiate the pleader's ability to recover on the claim.  In both situations **the complaint is said to have a built in defense and is essentially self-defeating.  Thus the problem is … [that] the plaintiff's own allegations show that a defense exists that legally defeats the claim for relief.**

11

*See* 5B Wright & Miller, *Federal Practice & Procedure: Civil 3d*, § 1357, at 713 (2004)

12

(collecting cases) (emphasis added).

13

14

15

16

17

18

19

20

21

22

Here, Mr. Philpot specifically pled that his photographic "work focuses exclusively on concert events across the United States," and that he took the Nelson photograph "in performance at Farm Aid 2009."  *See* Compl., ¶¶ 5, 8.  Mr. Philpot also pled that Alternet is "an alternative news website … designed to influence its readers' political leanings," *id.* at ¶ 7, and that when Alternet posted the Nelson photograph, it did not do so as part of any review of or article about Nelson, but transformed the photograph when it "added a Willie Nelson quote."  *Id.* at ¶ 13 & Ex. E (Alternet's transformed photograph).  Merely from reading the Complaint and the exhibits alone, the fair use defense is immediately obvious, given not only that Alternet has an entirely different purpose than does Mr. Philpot, but also that Alternet substantially transformed the Nelson photograph by adding political commentary that was not contemplated by Mr. Philpot.

23

24

25

26

27

In other words, Mr. Philpot's Complaint specifically pled that while he takes photographs to show musicians performing in concerts, Alternet exists for an entirely different purpose (to influence its readers' political leanings) and Alternet significantly transformed the Nelson photograph by adding political commentary that changed the meaning and context of the Nelson photograph.  This, standing alone, is sufficient to make the fair use defense "built in" and readily

28

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS: 3:18-cv-04479-TSH

apparent from the face of Mr. Philpot's complaint.  Indeed, this case is precisely the situation

contemplated by the Ninth Circuit in *Weisbuch* – denial of the motion to dismiss would then

require "depositions and other expensively obtained evidence on summary judgment [which]

establishes the identical facts supporting the fair use defense." *Weisbuch*, 119 F.3d at 783 n.1.

Therefore, this Court should find that Alternet's fair use defense is properly addressed at

the motion to dismiss stage, since Mr. Philpot's Complaint (by itself) sufficiently pled facts

making clear that Alternet can avail itself of the fair use defense through Alternet's

transformative use of the Nelson photograph for an entirely different purpose than that

contemplated by Mr. Philpot.  Otherwise, the parties will have to go into discovery, which will

not only duplicate the discovery already conducted in the *Philpot v. Media Research Center*

litigation in the Eastern District of Virginia – as set forth in Judge Ellis's detailed opinion, 279 F.

Supp. 3d 708 (E.D. Va. 2018) and as discussed in Alternet's motion to dismiss – but also leads to

the exact same conclusion, *i.e.*, that the statutory fair use doctrine bars Mr. Philpot's copyright

infringement claim against Alternet.

### III.    The Four Factors of the Fair Use Defense Mandate Dismissal of Plaintiff's Complaint as a Matter of Law.

This Court should further find that Mr. Philpot has failed to overcome the fair use defense,

since the four factors, taken together, weigh strongly in Alternet's favor.  The widely-cited

legislative history of the Copyright Act states that:  "The judicial doctrine of fair use [is] one of

the most important and well-established limitations on the exclusive right of copyright owners"

and that the defense "that a defendant's acts constituted a fair use rather than an infringement has

been raised as a defense in innumerable copyright actions over the years, and there is ample case

law recognizing the existence of the doctrine and applying it."  *See* H. Rep. 94-1476, at 65

(1976), *as reprinted in* 1976 U.S.C.C.A.N. 5659, 5678.  As set forth below, both Ninth Circuit

precedent (largely overlooked by Mr. Philpot) and Mr. Philpot's own factual allegations make

clear that the fair use factors weigh in Alternet's favor.

The first factor, "the purpose and character of the use," 17 U.S.C. § 107(1), is the most

1  important here, and is dispositive, since Alternet's use of the Nelson photograph was

2  transformative.  Unlike Mr. Philpot, who pled that he took photographs in order to show

3  musicians in performance, Alternet did not use the Nelson photograph as part of a review of his

4  musical performances or an article about Nelson.  Instead, Alternet used the photograph for an

5  entirely different purpose, to "influence its readers' political leanings," *see* Compl., at ¶ 7, and

6  substantially transformed the photograph by adding Nelson's political commentary, which makes

7  it even further removed from Mr. Philpot's "purpose" for taking the photograph.  Under

8  *Campbell*, this new use "adds something new, with a further purpose or different character,

9  altering the first [use] with new expression, meaning, or message," so that Alternet's use "thus

10  lie[s] at the heart of the fair use doctrine's guarantee of breathing space within the confines of

11  copyright."  *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994).[2]

12        Mr. Philpot's reliance on *Monge* is misplaced, since that decision involved the

13  republication of photographs of a celebrity wedding without any change to the content or purpose

14  of the photographs – a magazine merely republished the photographs in order to show that a

15  musician had entered into a secret marriage.  *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164,

16  1177-78 (9th Cir. 2013).  The Ninth Circuit explained that since the photographs were

17  republished for the same purpose that the photographs were originally taken (to document a

18  wedding), the defendant "left the inherent character of the images unchanged."  *Id.* at 1176.  Here,

19  in contrast, Alternet published the Nelson photograph for an entirely different purpose than that

20  contemplated by Mr. Philpot, and superimposed political commentary directly on the photograph,

21  so that the "inherent character" of the Nelson photograph was substantially transformed.

22        Subsequent decisions of the Ninth Circuit have recognized that *Monge* does not apply

23  where, as here, the alleged infringing use was for a quite different purpose.  In *Seltzer*, the court

24

25    [2] Further, at the time of the alleged infringing publication in June 2015, Alternet existed pursuant
to and by virtue of the D.C. Nonprofit Corporation Act, which also weighs heavily in favor of the

26  fair use defense.  *See* 17 U.S.C. § 1071(1) ("the purpose and character of the use, including
whether such use is of a commercial nature or is for nonprofit educational purposes"); *Campbell*,

27  510 U.S. at 578.  Indeed, nowhere in Mr. Philpot's Complaint does he plead that Alternet's
Facebook publication was for a commercial use.

28

1  held that the subsequent use of a video clip that was originally intended to show "themes of youth

2  culture … in Los Angeles" was transformative, where the defendant used it to make a "music

3  video about religion and especially about Christianity," an entirely different purpose. *Seltzer v.*

4  *Green Day, Inc.*, 725 F.3d 1170, 1176-77 (9th Cir. 2013). The court explained that "an alleged

5  infringing work is typically viewed as transformative as long as new expressive content or

6  message is apparent. This is so even where – as here – the allegedly infringing work makes few

7  physical changes to the original or fails to comment on the original." *Id.* at 1177 (collecting

8  cases). This is consistent with the First Circuit's decision in *Núñez*, where the court held that

9  republication of photographs taken for a modeling portfolio in a newspaper was transformative

10 because the photos served to inform, as well as entertain. *Núñez v. Caribbean Int'l News Corp.*,

11 235 F.3d 18, 22-23 (1st Cir. 2000). Here, Alternet added "new expressive content or message" to

12 the Nelson photograph, which is sufficient even though Alternet was not commenting on the

13 original photograph.

14      Similarly, in *SOFA Entertainment*, the Ninth Circuit held that the use of a video clip from

15 the Ed Sullivan show (showing Sullivan introducing a music group in 1966) was sufficiently

16 transformative when that clip was used in the musical *Jersey Boys* as a biographical anchor,

17 which was transformative from the original purpose of the clip as entertainment value. *SOFA*

18 *Entertainment, Inc. v. Dodger Productions, Inc.*, 709 F.3d 1273, 1277-78 (9th Cir. 2013). The

19 Court explained that "By using it [clip] as a biographical anchor, Dodger put the clip to its own

20 transformative ends," and not for the original purpose. *Id.* at 1279 (citations omitted). Here, too,

21 Alternet used the Nelson photograph for a different purpose – to make a political point and

22 influence its readers' political leanings – which is sufficiently transformative to constitute fair use

23 under *Campbell*, *Seltzer*, and *SOFA Entertainment*.

24      Mr. Philpot's arguments as to the remaining three factors fare no better. The second

25 factor, "the nature of the copyrighted work," 17 U.S.C. § 107(2), focuses on whether the work

26 was previously published. *See* Mot. to Dismiss, at 11 (citing *Perfect 10, Inc. v. Amazon.com,*

27 *Inc.*, 508 F.3d 1146, 1167 (9th Cir. 2007) and *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 820 (9th

28

6

Cir. 2003)).  Mr. Philpot admits, as he must, that the Nelson photograph was previously published, but instead argues that it was a "creative" work.  However, in both *Perfect 10* and *Kelly*, the Ninth Circuit found that even if the photographs were "creative," their prior publication meant that the second factor weighed in favor of fair use, as here.

The third factor, "the amount and substantiality of the portion used in relation to the copyrighted work as a whole," 17 U.S.C. § 107(3), also weighs in Alternet's favor because under Ninth Circuit precedent (which Mr. Philpot did not address, thereby conceding), "entire verbatim reproductions are justifiable where the purpose of the work differs from the original."  *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 803 n.8 (9th Cir. 2003) (citing *Kelly*, 336 F.3d at 821).  Here, Mr. Philpot conceded that Alternet used the work for a different purpose, *i.e.*, to influence its readers' political leanings, as opposed to his original purpose (to document the musicians in performance), so that the third factor weighs in Alternet's favor.

The fourth factor, "the effect of the use upon the potential market for or value of the copyrighted work," 17 U.S.C. § 107(4), also weighs in Alternet's favor, because under Ninth Circuit precedent (which Mr. Philpot does not address, thereby conceding), a "transformative work is less likely to have an adverse impact on the market of the original than a work that merely supersedes the copyrighted work."  *Kelly*, 336 F.3d at 821 (citing *Campbell*, 510 U.S. at 591).  Mr. Philpot pled that he took the photographs to show musicians in performance, and that Alternet transformed the Nelson photograph by adding political commentary in order to influence its readers' political leanings, thereby confirming that it was a transformative work that, under *Kelly*, is unlike to impact the (non-existent) market for the original.

Therefore, this Court should find that all four fair use factors weigh strongly in Alternet's favor, given that Mr. Philpot did not address (and thereby conceded) key Ninth Circuit precedent that Alternet briefed as to the third and fourth factors, and that Mr. Philpot's reliance on *Monge* for the first factor is unsupported by subsequent Ninth Circuit precedent that carefully distinguished *Monge* with respect to transformative uses.

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS: 3:18-cv-04479-TSH

1

**IV.    Plaintiff's DMCA Claim Is Improperly Pled and Should Therefore Be Dismissed As a Matter of Law.**

2          This Court should also find that Mr. Philpot has not properly pled his Digital Millennium

3    Copyright Act (DMCA) claim, 17 U.S.C. §§ 1202 and 1203, since he merely set out the

4    barebones elements of the claim, but without pleading the requisite knowledge on Alternet's part.

5    Mr. Philpot's argument incorrectly assumes that a plaintiff need only mechanically set forth the

6    elements of a claim in order to plead it, while ignoring that the DMCA specifically requires

7    pleading scienter, *i.e.*, pleading plausible facts showing that the defendant "possess[es] the mental

8    state of knowing, or having a reasonable basis to know, that his actions 'will induce, enable,

9    facilitate, or conceal' infringement." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir.

10   2018).  As the Ninth Circuit recently held, "a plaintiff bringing a Section 1202(b) claim must

11   make an affirmative showing, such as by demonstrating a past 'pattern of conduct' or 'modus

12   operandi,' that the defendant was aware or had reasonable grounds to be aware of the probable

13   future impact of its actions." *Id*. at 674.  Otherwise, the plaintiff has only made a conclusory

14   allegation that does not state all the elements of a DMCA claim.  *Id.*; *accord Spinelli v. National*

15   *Football League*, 903 F.3d 185, 204-05 (2d Cir. 2018) (upholding dismissal of DMCA claim).

16          As the Supreme Court and the Ninth Circuit have made clear, it is not enough to present a

17   complaint that "pleads facts that are merely consistent with a defendant's liability . . .  stopping

18   short of the line between possibility and plausibility of entitlement to relief."  *Cobbler Nevada,*

19   *LLC v. Gonzalez*, 901 F.3d 1142, 1147 (9th Cir. 2018) (upholding dismissal of copyright

20   infringement claim) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Here, too, Mr. Philpot

21   made no attempt to plead the requisite statutory scienter or mental state on Alternet's part, which

22   falls short of plausibility of entitlement to relief, so that dismissal of his DMCA claim for failure

23   to state a claim is warranted.

24

**V.    This Court May Take Judicial Notice as to Court Records from Mr. Philpot's Other Proceedings, Including His Sworn Deposition Testimony.**

25

26          Although Alternet submits that this Court can resolve the fair use defense in its favor

27   based solely on what Mr. Philpot pled in his Complaint, this Court has the authority to take

28

8

judicial notice of prior court decisions and sworn deposition testimony in other copyright

infringement lawsuits brought by Mr. Philpot, pursuant to Rule 201, Federal Rules of Evidence.

In particular, Judge Ellis's decision in *Philpot v. Media Research Center, Inc.*, 279 F. Supp. 3d

708 (E.D. Va. 2018), which involved the <u>same</u> plaintiff, and the <u>same</u> legal issue – the

transformative use of plaintiff's music concert photographs for political purposes – is suitable for

judicial notice under Rule 201, Fed. R. Evid., as Alternet previously briefed in its pending

motion. *See* Alternet Mot. to Dismiss, at 3 n.1 (collecting cases).

Since Mr. Philpot is now contesting any reliance upon his own prior litigation, including

his own prior sworn deposition testimony, Alternet briefly addresses that issue. As a threshold

matter, judicial notice is not limited to prior court proceedings in the same litigation, but extends

to related litigation involving the same party. The Ninth Circuit, in *Mullis*, which was a *Bivens*

constitutional tort action against various state actors (bankruptcy judges and court clerks), held

that it was proper to take judicial notice of the plaintiff's bankruptcy proceeding, even though that

was a separate proceeding in a separate court: "However, facts subject to judicial notice may be

considered on a motion to dismiss," including "pleadings, orders, and other papers on file in the

underlying bankruptcy case." *Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*, 828 F.2d

1385, 1388 & n.6 (9th Cir. 1987).

All that is required is that the "other" judicial proceedings be related to the matter at issue:

"Federal courts may 'take notice of proceedings in other courts, both within and without the

federal judicial system, if those proceedings have a direct relation to the matters at issue.'"

*United States v. Southern Cal. Edison Co.*, 300 F. Supp. 2d 964, 973 (E.D. Cal. 2004) (quoting

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th

Cir. 1992)).

As the Ninth Circuit stated, "Under Federal Rule of Evidence 201, this court grants the

Appellant's motion to take judicial notice of the transcript of Biggs' hearing before the Board of

Prison Terms. Materials from a proceeding in another tribunal are appropriate for judicial

notice." *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003).

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS: 3:18-cv-04479-TSH

Here, the proceedings in the Eastern District of Virginia (the *Media Research Center* litigation) are related to the matter in this Court, since in both proceedings, the issues are:  (1) that Mr. Philpot was neither paid nor commissioned to take his photographs; (2) that Mr. Philpot took his photographs solely to depict the musicians performing in concert, and did not intend to use the photographs for political purposes; and (3) that the defendant (whether Alternet or the Media Research Center) transformed the photographs to make a political point, and did not use them for the same purpose that Mr. Philpot took them.  The answer to each of these three issues is in the affirmative, based on what Mr. Philpot pled in his Complaint as to Alternet, as confirmed by what he testified to in the *Media Research Center* litigation, as Judge Ellis decisively concluded (Mr. Philpot did not appeal Judge Ellis's decision, so that it is a final judgment).

Therefore, this Court should find that it has the authority to consider Judge Ellis's decision in the *Media Research Center* litigation, including Mr. Philpot's deposition testimony excerpted in that decision (and on public record in that court's docket), in addressing what are essentially the same legal issues underlying the statutory fair use defense.

**VI.    Plaintiff's Complaint Is Fatally Flawed and Cannot Be Cured Through Amendment.**

Finally, this Court should deny Mr. Philpot's generic request for leave to amend his Complaint.  As a threshold matter, Mr. Philpot did not indicate how he would amend his Complaint, let alone provide the Court with a motion for leave accompanied by a proposed amended complaint, as required under Rule 15(a)(2), Fed. R. Civ. P., since more than 21 days have passed since the filing of Alternet's Motion to Dismiss.  Moreover, this is a situation where amendment of the Complaint would be futile, since Mr. Philpot cannot plead any facts that would either contradict his prior Complaint or his prior sworn testimony.  For example, Mr. Philpot cannot now plead that he took the Nelson photograph in order to use it for political commentary, or that Alternet used the Nelson photograph as part of an article about Nelson's music or a review of a Nelson concert.  Nor can Mr. Philpot plead that he was commissioned or paid to take the Nelson photograph.  In other words, amendment would be an exercise in futility.

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS: 3:18-cv-04479-TSH

1

2

      The Ninth Circuit has upheld the denial of motions for leave to amend a complaint where, as here, amendment would be futile:

3

4

5

6

7

> When the district court denies leave to amend because of the futility of amendment, we will uphold such denial if "it is clear, upon *de novo* review, that the complaint would not be saved by any amendment." *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). . . . we conclude that amendment to include other claims requiring inaccuracy would be futile.  Therefore, the district court properly concluded that "there was no need to prolong the litigation by permitting further amendment."  *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

8

9

10

11

*Carvalho v. Equifax Info. Servs. LLC*, 629 F.3d 876, 893 (9th Cir. 2010).  Thus, the "district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted).

12

13

14

15

      Since Mr. Philpot did not indicate how he would amend his Complaint, let alone how the Complaint could be amended to overcome the statutory fair use defense without contradicting his prior court filings and sworn deposition testimony, this Court need not consider his generic and unsupported request for leave to amend the Complaint.

16

**VII.  Conclusion.**

17

18

19

20

      For the foregoing reasons, and those stated in Alternet's Motion to Dismiss, this Court should find that Mr. Philpot cannot state a claim for copyright infringement or for a violation of the DMCA, so that dismissal of his Complaint for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P., is warranted.

21

22

Respectfully submitted,

/s/ *Jon B. Eisenberg*

23

24

25

26

Jon B. Eisenberg, Esquire [S.B. 88278]
Law Office of Jon B. Eisenberg
509 Tucker Street
Healdsburg, CA 95448-4428
Telephone: (707) 395-0111
Email:  jon@eisenbergappeals.com

27

28

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS: 3:18-cv-04479-TSH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Alan R. Kabat*

—————————————————
Alan R. Kabat (*pro hac vice*)
Bernabei & Kabat, PLLC
1400 - 16th Street, N.W., Suite 500
Washington, D.C.  20036-2223
tel. (202) 745-1942 (ext. 242)
fax (202) 745-2627
email:  Kabat@BernabeiPLLC.com

DATED:  October 17, 2018

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS: 3:18-cv-04479-TSH